IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MT TECHNOLOGY ENTERPRISES, LLC,
    Appellant,

v.                                                Civil Action No 3:15-cv-00669-JAG

BRUCE BERNARD NOLTE,
    Appellee.

## OPINION

Bruce Bernard Nolte filed for bankruptcy. MT Technology Enterprises, LLC ("MT"), filed a Proof of Claim in Nolte's Bankruptcy Case based on an underlying state court judgment against him. MT also filed a complaint against Nolte in bankruptcy court, initiating an adversary proceeding regarding the dischargability of the state court judgment. By Order dated November 25, 2015, the Bankruptcy Court (1) denied MT's motion for summary judgment in the Adversary Proceeding, (2) disallowed MT's Proof of Claim in the Bankruptcy Case, and (3) discharged Nolte's liability on MT's Proof of Claim and on the state court judgment in the Bankruptcy Case. The Court entered the same Order in both the Adversary Proceeding, *MT Tech. Enters., LLC v. Nolte (In re Nolte)*, AP No. 15-03130 (Bankr. E.D. Va. Nov. 25, 2015), and the Bankruptcy Case, *In re Nolte*, No. 14-36676-KRH (Bankr. E.D. Va. Nov. 25, 2015). Because MT did not appeal the final order in the Bankruptcy Case, the Court GRANTS Nolte's motion to dismiss MT's appeal in the Adversary Proceeding, and DISMISSES MT's appeal as MOOT.

The Federal Rules of Bankruptcy Procedure state that "[a]n appeal from a judgment, order, or decree of a bankruptcy court to a district court . . . may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002." Fed. R. Bankr. P. 8003(1). Rule 8002 sets the time allowed at "14 days after entry of the judgment, order, or

decree being appealed" and emphasizes that "a notice of appeal *must* be filed with the bankruptcy clerk within" the time limit. *Id.* at 8002(a)(1) (emphasis added). The bankruptcy court may extend this time limit "upon a party's motion that is filed (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." *Id.* at 8002(d)(1). Notably, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." *Id.* at 8003(a)(2).

Turning more generally to the powers of the district court, Article III of the United States Constitution "restricts the power of federal courts to 'Cases' and "Controversies.'" *Chafin v. Chafin*, __ U.S. __, 133 S. Ct. 1017, 1023 (2013). This requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Thus, a suit can become moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal citation and quotation omitted). "But a case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (quoting *Knox v. Serv. Emps.*, 567 U.S. __, 132 S. Ct. 2277, 2287 (2012)); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 841 F.2d 92, 96 (4th Cir. 1988) ("[A] court should not render an opinion in a dispute if the court is without the power to afford effective relief.").

In this case, MT appealed the Bankruptcy Court's judgment in the Adversary Proceedings, which held that Nolte's debt to MT based on the underlying state court judgment was dischargeable. MT, however, did not appeal the order entered in the Bankruptcy Case

disallowing MT's Proof of Claim. Further, the time for filing a notice of appeal has passed.[1] Since this Court lacks jurisdiction to review the order in the Bankruptcy Case disallowing MT's claim in full, this Court cannot provide MT any effective relief. Even if this Court reversed the Bankruptcy Court's decision regarding dischargability in the Adversary Proceeding, this Court cannot reverse the decision disallowing MT's claim, as MT did not present that order for review on appeal. Without the power to review the claim disallowance—an issue MT admits "is integral to the Plaintiff's appeal," (Pl.'s Br. Opp'n 3)—this Court cannot "grant any effectual relief whatever" to MT. *Chafin*, 133 S. Ct. at 1023 (internal citation omitted).

MT exacerbates its disregard for, or ignorance of, procedure in its response in opposition to Nolte's motion.[2] In it, MT concludes, without any legal citation, that the order disallowing MT's Proof of Claim in the Bankruptcy Case "would necessarily be reversed if [MT] were to prevail in reversing any of the judgments" appealed in the Adversary Proceeding. (Pl.'s Br. Opp'n 3.) The judicial system does not work in this manner; courts hearing appeals do not determine sua sponte which orders in the underlying case their decision affects.[3] MT goes on to state that "[g]iven Nolte's legal argument, it would be necessary for a party to continuously file appeals or other amendments every time a new order or judgment came out that was dependent upon an appealed error when an appeal was being taken from a prior judgment." (*Id.* at 4.) MT correctly states that such filings would be, and are, necessary. *See* Fed. R. Bankr. P.

---

[1] The Bankruptcy Court entered its Order on November 25, 2015. MT had until December 9, 2015 to file its notice of appeal. *See* Fed. R. Bankr. P. 8002(a)(1). MT then had until December 30, 2015 to move for an extension based on excusable neglect with the Bankruptcy Court. *Id.* at 8002(d)(1)(B). Both deadlines have passed.

[2] Indeed, MT demonstrated a basic failure to appreciate procedure in briefing this motion, filing its response in opposition to Nolte's motion out of time. *See* Fed. R. Bankr. P. 8013(a)(3)(A).

[3] This proves especially true when the appellant does not even note the appeal in the underlying case in which it wants a decision. See the docket in *In re Nolte*, No. 14-36676-KRH (Bankr. E.D. Va.), which lacks any indication that a party has appealed an order or judgment in that case.

8003(a)(3)(B) (requiring the appellant to attach to its notice of appeal "the judgment, order, or decree, or part of it, being appealed"); *see also In re Frontier Airlines, Inc.*, 108 B.R. 277, 279 (D. Colo. 1989) ("A bankruptcy case is not like a civil case—often there are many parts of the proceedings which can be appealed to the district court while other matters continue to be litigated by the bankruptcy court. While the [appellant] may think it unfair and a waste of time to file a separate notice of appeal each time the bankruptcy court enters a final order with which it disagrees, fundamental fairness requires that opposing parties and the court receive timely notice when a party desires to initiate an appeal.") (internal citation omitted). Finally, MT's response reads: "Plaintiff's attorneys have never seen this kind of practice in any court. Instead, normal practice has always been the remedy for a successful appeal is determined according to what was appealed. Multiple appeals are not generally required for multiple judgments/orders but only an appeal of the initial judgment/order." (Pl.'s Br. Opp'n 4.) MT does not support these statements with any legal citation.[4] Nevertheless, MT does stand correct in the proposition that "the remedy for a successful appeal is determined according to what was appealed." Here, the Bankruptcy Court's order disallowing MT's claim was not appealed. Thus, the remedy is dismissal of this appeal.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: January 19, 2016
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[4] Nor can the Court think of what MT would cite for these propositions, as rules of appellate procedure generally outline the exact steps a party must take to perfect an appeal. *See, e.g.*, Fed. R. App. 3.

4